**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **ANITA DOPORTO, individually and as Successor in Interest to SAMUEL GONZALES, deceased,**<br><br>Plaintiff,<br><br>vs.<br><br>**CITY OF TULARE, a municipal entity; OFFICER VINCE MEDINA, an individual; OFFICER RYAN RICHMOND, an individual; DOES 3 through 10, inclusive,**<br><br>Defendants. | 1:13-CV-898-LJO-SKO<br><br>**ORDER ON PLAINTIFF'S MOTIONS IN LIMINE (Docs. 29, 30, 31) ; Hearing Date Vacated** |

The Court has received and reviewed the Plaintiff's Motions in Limine. None was filed by the Defense. The Court is not in need of oral argument, and pursuant to Local Rule 230(g), the Court VACATES the hearing currently set for February 26, 2015.

1) The unopposed motion to exclude evidence that the defendants were neither charged criminally nor disciplined within their police organization is GRANTED. Those topics may not be used by either side for any purpose, and counsel are required to make certain that every witness called by their respective side knows of this preclusion order;

2) The second motion is to exclude any mention of the named Plaintiff's convictions ('92 welfare fraud and '99 DUI), her periods of incarceration for the convictions, arrests for anything (some with no convictions), and her prior convictions' being the reason she couldn't visit her son while he was incarcerated. In addition, it is argued that the the convictions are remote in time, and that the probative value does not outweigh the prejudicial effect. Finally, it is argued that the DUI crime is not one of moral turpitude.

The Defense argues that the welfare fraud crime is a felony of moral turpitude, going to the issue of credibility.  Also the crime explains that she couldn't visit her son in prison while he was incarcerated for 18 years, and to exclude it would leave the jury to believe that the fault for not being able to visit was the correctional facility's rules.

The Court gives the Plaintiff an election, that must be exercised in writing, within 5 court days of the date of this order.  Alternative elections:

a. Plaintiff allows the admission that she didn't visit her son during the 18 years he was incarcerated, giving no reason whatsoever for not visiting, and thereby allowing the defense to argue that fact in describing the absence of closeness factor.  Under this option, the motion is GRANTED, and the Court finds that the convictions are irrelevant, and also that the fraud conviction is remote in time.  In addition, the defense would be allowed to point out times while the Plaintiff was incarcerated (WITHOUT conveying that fact of incarceration), indicating that she didn't see her son during that period either; OR

b.  Plaintiff refuses the restrictions of (a) above, and the motion is DENIED in that it would be both incomplete and unfair to allow the Plaintiff to indicate that she didn't visit due to the prison restrictive rules, and not allow the truth of the reason to be explored by the Defense, showing the real reason was due to the bad acts of the Plaintiff herself.  The DUI may not be used in any event. On the issue of credibility, the Court finds that the fraud conviction is remote in time and may not be used for this purpose.

The arrests without conviction are not relevant and are excluded.

3) The third and last motion is to exclude all evidence that was acquired after the shooting incident, including but not limited to the decedent's criminal history, parolee status, incarceration history, gang affiliations, tattoo history, toxicology test results from the autopsy regarding methamphetamine use, cannibanoids and Hepatitis C involvement, and his history of drug and alcohol use.

The decedent certainly knew that he had been ingesting drugs and was a parolee subject to search and arrest.  These are both factors that MAY, through circumstantial evidence, explain and give credibility to the defense position that the decedent had reason to be aggressive, if not violent, and to attempt to avoid arrest.  These are questions of fact.

In addition, as in all cases of death involving claims of wrongful death/Civil Rights violation claims, damages are a part of the ultimate equation and proof requirements.  Had the decedent been crime free, had lived a life of total productivity and contribution to the community, had no reason to flee police, had been close to family and home, and was a college graduate, all of these factors would have been sought to be admitted by the Plaintiff to explain who the decedent was, and in fact would have been both relevant and admissible.  The opposite is true, and the defense has the right to admit and then argue from their perspective who the decedent was.  It goes to how the life is valued, based on factors that are standard Ninth Circuit Jury Instructions on the issue of damages.

The motion is DENIED.

IT IS SO ORDERED.

Dated:   **February 24, 2015**          **/s/ Lawrence J. O'Neill**
                                         UNITED STATES DISTRICT JUDGE